UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TEXAS
(MARSHALL DIVISION)

| | | |
|---|---|---|
| KENT COMPANIES, INC., <br> Plaintiff, <br><br> v. <br><br> ARK-LA-TEX HELICAL <br> DISTRIBUTORS, LLC and <br> MARK BICE, INDIVIDUALLY, <br> Defendants. | § § § § § § § § § § | Cause No. |

**PLAINTIFF KENT COMPANIES, INC'S ORIGINAL COMPLAINT**

COMES NOW, Plaintiff Kent Companies, Inc. and files its Original Complaint complaining of the acts and omissions of Defendants Ark-La-Tex Helical Distributors, LLC and Mark Bice, individually, (collectively, the "Defendants"), and respectfully shows the Court the following:

**I. PARTIES**

1.01   Plaintiff, Kent Companies, Inc. ("Kent"), is a Michigan corporation because it is organized under the laws of the State of Michigan and maintains its principal place of business at 130 60th St. SW, Grand Rapids, Michigan 49548.

1.02.   Defendant Ark-La-Tex Helical Distributors, LLC ("Arklatex") is a limited liability company formed under the laws of the State of Texas with its principal place of business in the State of Texas and may be served with citation and a copy of Plaintiff's Original Petition **by serving its registered agent for service of process, Mark Bice, located at 4203 Forest Trail, Marshall, TX 75672, or wherever he may be found.**

1.03.   Defendant Mark Bice ("Bice") is an individual who, upon information and belief, is a citizen of the State of Texas and may be served with citation and a copy of

Plaintiff's Original Petition **by serving him at 4820 Five Notch Road, Marshall, Texas 75672, or wherever he may be found.**

## II. JURISDICTION

2.01. This Court has jurisdiction under 28 U.S.C. § 1332(a)(1) because Plaintiff and Defendants are citizens of different states and the amount in controversy exceeds $75,000, excluding interest and costs.

## III. VENUE

3.01. Venue is proper in this district under 28 U.S.C. § 1391(b)(1) because all defendants are residents of the State of Texas and Mr. Bice resides in the Eastern District of Texas. Venue is also proper in this district under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to Kent's claims occurred in this district and because the property at issue is situated in this district.

## IV. FACTS

4.01. On or about December 1, 2015, Kent and Arklatex entered into a Helical Piles Distributor Agreement (the "Distributor Agreement"), which permitted Arklatex to sell and distribute certain Kent products within a defined territory.[1] Under the Distributor Agreement, Arklatex stored Kent's products pending sale and shipment, but Kent did not transfer title of its products. The Distributor Agreement was non-transferable, non-assignable, and non-delegable.

4.02 The Distributor Agreement required Arklatex to provide suitable warehouses and business facilities and a proper environment for the sale and shipment of Kent's products.

---

1. The Parties' amended the Distribution Agreement on July 28, 2016.

4.03    Under the Distributor Agreement, Kent invoiced and collected payment directly from customers.

4.04    The Distributor Agreement required Arklatex to meet certain "Minimal Annual Performance Requirements" and provided Kent the option to terminate the Distributor Agreement if Arklatex did not meet the Minimal Annual Performance Requirements or if Arklatex did not meet a certain minimum dollar amount for Gross Products for two consecutive quarters.

4.05    Arklatex breached the Distributor Agreement by failing to satisfy the Minimal Annual Performance Requirements and by failing to generate the minimum agreed-upon dollar amount for Gross Profits for two consecutive quarters. Consequently, Kent terminated the Distributor Agreement and asked Arklatex to return Kent's products that Arklatex had received pursuant to the Distributor Agreement.

4.06    Beginning in February 2018, Kent requested access to Arklatex's facilities to remove all remaining inventory items. Arklatex refused and continues to refuse to allow Kent to retrieve its inventory. Currently, Arklatex is in possession of personal property lawfully belonging to Kent that it obtained under the Distributorship Agreement valued at $96,228.99.

4.07.   Separate and apart from any obligations under the Distributor Agreement, Kent sold certain materials to Arklatex for Arklatex's own use (the "Sales Agreement"). Arklatex ordered, and Kent shipped to Arklatex, $44,026.17 worth of materials. However, Arklatex has failed and refused to pay Kent for the materials it received for its personal use, and payment in the amount of $44,026.17 is currently due and owing.

4.08.   Despite numerous demands from Kent to Defendants, Defendants have failed to either pay Kent the amounts due and owing or to return the property to Kent.

## V. COUNT I AGAINST ARKLATEX:
## BREACH OF THE DISTRIBUTORSHIP AGREEMENT

5.01. Kent incorporates by reference the allegations set forth in Sections I–IV above as if fully set forth herein.

5.02. The Distributor Agreement is a valid, enforceable contract between Kent and Arklatex.

5.03. Arklatex breached the Distributor Agreement by failing to satisfy the Minimal Annual Performance Requirements and by failing to generate the minimum agreed-upon dollar amount for Gross Profits for two consecutive quarters. As a result of Arklatex's breach, Kent asked Arklatex to return Kent's property that remains in Arklatex's possession. Arklatex refuses to return the property supplied to Arklatex by Kent, causing Kent to suffer damages in the amount of at least $96,228.99.

5.04. Pursuant to the Distributor Agreement, Arklatex is also entitled to recover its attorney's fees and costs necessary to prosecute its claims against Arklatex.

## VI. COUNT II AGAINST ARKLATEX:
## BREACH OF THE SALES AGREEMENT

6.01. Kent incorporates by reference the allegations set forth in Sections I–V above as if fully set forth herein.

6.02. The Sales Agreement is a valid, enforceable contract between Kent and Arklatex.

6.03. Kent fully performed, substantially performed, or tendered performance of its obligations to Arklatex under the terms of the Sales Agreement by providing materials to Arklatex.

6.04. Arklatex breached the Sales Agreement by failing and refusing to pay Kent for the materials it purchased from Kent.

6.05.   As a result of Arklatex's breach, Kent has suffered damages of at least $44,026.17.

## VII. COUNT III AGAINST ARKLATEX: QUANTUM MERUIT

7.01.   Kent incorporates by reference the allegations set forth in Sections I–VI above as if fully set forth herein.

7.02.   Pleading in the alternative and without waiving the foregoing, Kent would show that Kent delivered valuable materials to Arklatex and Arklatex therefore received a benefit from Kent.

7.03.   The materials were provided at the insistence and request of Arklatex, and for the benefit of Arklatex.

7.04.   Arklatex accepted the materials under such circumstances that Arklatex knew, or should have known, that Kent expected to be paid for such materials by Arklatex and, therefore, it would be inequitable for Arklatex to retain the materials supplied by Kent.

7.05.   The usual, customary, and reasonable charge for the materials of the kind and quality furnished by Kent for the benefit of Arklatex is at least $140,255.16.

7.06.   Due to Arklatex's failure to pay Kent for these materials, Kent has suffered damages in the amount of $140,255.16 and seeks recovery of that amount in quantum meruit.

## VIII. COUNT IV AGAINST ARKLATEX: CONVERSION

8.01.   Kent incorporates by reference the allegations set forth in Sections I–VII above as if fully set forth herein.

8.02. Kent owns and has a right to immediate possession of the personal property held by Arklatex or Joe Bice, which includes, among other things, helical piles and related materials.

8.03. Arklatex, who legally acquired possession of Kent's personal property, wrongfully exercised dominion and control over the property by using it in a way that departed from the conditions under which it was received.

8.04. Under the Distributor Agreement, Arklatex was appointed as a nonexclusive distributor of Kent's products. Pursuant to that relationship, Arklatex held Kent's personal property as inventory to be sold and distributed in Arklatex's geographical area; however, title to the personal property never passed from Kent to Arklatex.

8.05. Arklatex refuses to return the property despite Kent's demands.

8.06. Arklatex's wrongful acts proximately caused injury to Kent, which resulted in the following damages: loss of use of the converted property and loss of profits from the converted property.

8.07. Kent seeks return of the converted property or damages in the amount of at least $96,228.99.

## IX. COUNT V AGAINST BICE: CONVERSION

9.01. Kent incorporates by reference the allegations set forth in Sections I–VIII above as if fully set forth herein.

9.02. Bice legally acquired possession of Kent's personal property, which Kent owns and has a right to immediate possession of, through his capacity as the sole member of Arklatex, and wrongfully exercised dominion and control over Kent's property by using it in a way that departed from the conditions under which it was received.

9.03.   Furthermore, Bice, as the managing member of Arklatex, participated in the conversion of Kent's property by instigating, aiding or abetting Arklatex, and therefore is jointly liable with Arklatex for the conversion.

9.04.   Bice's wrongful acts proximately caused injury to Kent, which resulted in the following damages: loss of use of the converted property and loss of profits from the converted property.  Thus, Bice should be held individually liable.

9.05.   Kent seeks return of the converted property or damages in the amount of at least $96,228.99.

## X. INTEREST

10.01.   Kent incorporates by reference the allegations set forth in Sections I–IX above as if fully set forth herein.

10.02.   Kent is entitled to recover from Defendants, in addition to all other sums, pre-judgment interest and post-judgment interest at the maximum rate permitted by law.

## XI. ATTORNEY'S FEES

11.01.   Kent incorporates by reference the allegations set forth in Sections I–X above as if fully set forth herein.

11.02.   As a result of Defendants' failure to pay the amounts owed, Kent has retained legal counsel to prepare and prosecute this case and has agreed to pay reasonable attorney's fees.

11.03.   Pursuant to the Distribution Agreement, Kent is entitled to recover its reasonable attorney's fees and costs of court from and against Defendants, plus additional reasonable attorney's fees should there be an appeal from a judgment rendered by this Court.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff, Kent Companies, Inc., prays that Defendants, Ark-La-Tex Helical Distributors, LLC and Mark Bice, individually, be summoned to appear and answer, and that upon final hearing Kent have judgment against Defendants for all damages pled above, plus reasonable attorney's fees, interest, and all costs of court, and for such other and further relief, at law or in equity, to which Kent may show itself to be justly entitled.

Respectfully submitted,

**THOMAS, FELDMAN & WILSHUSEN, LLP**

By: */s/ Misty H. Gutierrez*
    **FRED D. WILSHUSEN**
    State Bar No. 21665590
    fwilshusen@tfandw.com
    **MISTY H. GUTIERREZ**
    State Bar No. 24053616
    mgutierrez@tfandw.com
    **JACOB B. DAMRILL**
    State Bar No. 24097564
    jdamrill@tfandw.com
    Merit Tower
    12222 Merit Dr., Suite 1450
    Dallas, TX  75251
    214-369-3008 Telephone
    214-369-8393 Facsimile

    ATTORNEYS FOR PLAINTIFF
    KENT COMPANIES, INC.